# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

SANTOS JUAREZ, et al,      §
     §
V.      §       A-08-CA-594-LY
     §
U.S. DEPARTMENT OF HOMELAND      §
SECURITY, et al.      §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are the following motions and their accompanying responses:

- Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(1) and 12(b)(6), filed July 13, 2009 (Clerk's Doc. No. 8);

- Defendant City of Martindale's Motion to Dismiss and Motion for More Definite Statement, filed July 13, 2009 (Clerk's Doc. No. 9);

- Defendant United States Department of Homeland Security, Federal Emergency Management Agency (FEMA) and Defendant FEMA Region VI's ("Federal Defendants") Motion to Dismiss, filed August 21, 2009 (Clerk's Doc. No. 22);

- Defendant City of Martindale's Amended Motion to Dismiss and Motion for More Definite Statement, filed October 1, 2009 (Clerk's Doc. No. 39);

- Defendants Jack Colley and Mildred Reno's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed October 8, 2009 (Clerk's Doc. No. 40);

- Defendants Community Development Management Company, Inc. and Phillip Ruiz's Motion to Dismiss and Alternatively Motion for a More Definite Statement, filed October 8, 2009 (Clerk's Doc. No. 41);

- Defendant Maebeth Bagley's Motion to Dismiss, filed October 23, 2009 (Clerk's Doc. No. 53);

- Federal Defendants' Renewed Motion to Dismiss, filed October 29, 2009 (Clerk's Doc. No. 57); and

- Defendant City of Martindale's First Supplemental Motion to Dismiss, filed November 9, 2009 (Clerk's Doc. No. 59)

On August 19, 2009, the District Judge referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

On August 4, 2008, Plaintiffs Santos, Julia, and Angela Juarez filed suit against numerous defendants, including several governmental entities and their officials. Plaintiffs bring a variety of causes of action stemming from the sale of the Juarez's property in August 2004 to the City of Martindale, Texas as part of a voluntary buyout program funded by FEMA.

In response to the lawsuit, several defendants filed motions to dismiss. On August 19, 2009, the district court granted Plaintiffs an extension to either respond to the pending motions to dismiss or to file an amend complaint. *See* Clerk's Doc. No. 20. On September 15, 2009, Plaintiffs filed their Second Amended Complaint, and on the following day, Plaintiffs filed their Third Amended Complaint.[1] *See* Clerk's Doc. Nos. 23 and 26.

Following these amended complaints, the Defendants filed motions to dismiss (or amended or renewed motions to dismiss), asserting various reasons why Plaintiffs' claims should be still be dismissed despite the amendments to the complaint. Common to each of the motions is the assertion that subject matter jurisdiction is lacking. A motion to dismiss for lack of subject matter jurisdiction

---

[1]It appears that the only difference between the two is the addition of Defendant Phillip Ruiz.

must be considered by the court "before any other challenge because the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted). Accordingly, the Court will first determine whether there is subject matter jurisdiction for Plaintiffs' claims before considering any of the Defendants' other arguments for dismissal.

## II. SUBJECT MATTER JURISDICTION

### A. Standard

Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *See*, *e.g.*, *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries the burden of proving its existence. *Stockman*, 138 F.3d at 151; *Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 566 (N.D. Tex. 1997).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, "a district court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413). The standard of review for a 12(b)(1) motion to dismiss turns on whether the defendant has made a "facial" or "factual" jurisdictional attack on the plaintiffs complaint. *Paterson v.*

*Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  A defendant makes a "facial" jurisdictional attack by merely filing a motion under Rule 12(b)(1) challenging the court's jurisdiction.  *Id.*  In this instance, the court is merely required to assess the sufficiency of the allegations contained in the plaintiff's complaint, which are presumed to be true.  *Id.*

## B.    Federal Defendants

In regard to the federal defendants (i.e. the federal agencies and its officials acting in their official capacity), this is akin to a suit against the United States.  The United States, as sovereign, is immune from suit except as it consents to be sued.  *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir.  2009).  Thus, a plaintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) ("The doctrine of sovereign immunity is inherent in our constitutional structure and . . . renders the United States [and] its departments . . . immune from suit except as the United States has consented to be sued.").  "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Thus, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citation

omitted); *see also Petterway v. Veterans Admin. Hosp.*, 495 F.2d 1223, 1225 n. 3 (5th Cir. 1974) ("It is well settled . . . that a waiver of sovereign immunity must be specific and explicit and cannot be implied by construction of an ambiguous statute.").

Plaintiffs have not responded to either of the federal defendants' motions to dismiss, nor have they carried their burden of showing Congress's unequivocal waiver of sovereign immunity in the complaint. The only potential basis they offer in the complaint is their reference to Public Law 106-246 (H.R. 4425), which provides, in pertinent part, supplemental appropriations to FEMA for Fiscal Year 2000. The enacted legislation, however, does not provide any waiver of sovereign immunity or any private right of action. *See* Act of July 13, 2000, Pub. L. No. 106-246, 114 Stat. 511, 568 (providing appropriations which "may be used by the Director of [FEMA] for the buyout or elevation of properties which are principal residences that have been made uninhabitable by floods in areas which were declared Federal disasters in fiscal years 1999 and 2000"). This type of "hazard mitigation" is within the discretion of the President and/or the FEMA Director. *See* 42 U.S.C. § 5170c.

The Stafford Act (i.e. 42 U.S.C. §§ 5121-5208) "does not contain a waiver of sovereign immunity." *St. Tammany Parish*, 556 F.3d at 318. However, the Stafford Act does provide FEMA immunity from suit in carrying out its discretionary functions as follows:

> The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter.

42 U.S.C. § 5148. Section 5148 is "a form of retained sovereign immunity," which "precludes

judicial review of all disaster relief claims based upon the discretionary actions of federal employees." *St. Tammany Parish*, 556 F.3d at 317-18. Thus, Plaintiffs have not only failed to cite to a statute providing jurisdiction, but Plaintiffs are also precluded by § 5148 from bringing suit under these circumstances.

Because Plaintiffs have failed to meet their burden of showing Congress's unequivocal waiver of sovereign immunity, this court lacks subject matter jurisdiction over the federal defendants and should dismiss the claims against them.

**B.      Basis for Jurisdiction over Remaining Defendants**

In regard to the remaining Defendants, Plaintiffs argue in their responses that the court has federal question jurisdiction because Plaintiffs are asserting claims pursuant to 42 U.S.C. § 1983 for the alleged violation of their constitutional rights. It is clear that the court would have jurisdiction over the case due to the § 1983 claims. However, Defendants argue that the § 1983 claims must be dismissed because the complaint does not set forth allegations establishing a due process or equal protection violation. Therefore, if the § 1983 claims are dismissed, there would be no remaining basis for jurisdiction, and the entire case should be dismissed.

1.      Section 1983 claims

In Plaintiffs' Third Amended Complaint, Plaintiffs broadly assert that all Defendants violated their due process and equal protection rights and assert claims under 42 U.S.C. § 1983. The complaint provides no factual support for these claims, nor does it include any allegations that amount to a constitutional violation of due process or an equal protection claim. In response to the numerous motions to dismiss, Plaintiffs simply respond that they have alleged a § 1983 claim, thereby creating federal question jurisdiction. In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),

the Supreme Court stated that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 570 & 555.  The Supreme Court has made it clear that this new standard applies to all cases, not just to antitrust cases such as *Twombly*.  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1953 (2009).

In *Iqbal*, the Court found that the plaintiff's "bare assertions . . . amount[ed] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," such that the complaint failed to plead sufficient facts to state a claim.  *Id.* at 1951.  In this case, however, Plaintiffs do not even provide a formulaic recitation of the elements of a § 1983 claim.  Rather, they just say they are bringing § 1983 claims for due process and equal protection violations, and then proceed to give a detailed account of their ordeal participating in the voluntary buy-out program, none of the facts of which point to any apparent due process or equal protection violation.  Thus, even assuming all the allegations in the complaint are true, Plaintiffs do not "plead enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Accordingly, the undersigned does not believe that Plaintiffs have stated a claim under § 1983, and without any other basis for jurisdiction, the claims against the remaining Defendants should be dismissed.

2.      Opportunity to amend

Ordinarily, Plaintiffs should be granted the opportunity to amend their complaint before dismissing the case.  However, Plaintiffs have been given several opportunities to amend their complaint and establish jurisdiction.  Thus, it is doubtful that allowing yet another opportunity to do

so could cure the lack of jurisdiction in this case. Accordingly, the undersigned will recommend that Plaintiffs' case be dismissed in its entirety for lack of jurisdiction.

### III. CONCLUSION

Based on the foregoing, the undersigned is of the opinion that all claims against all defendants should be dismissed.[2] The federal defendants are entitled to sovereign immunity, and the sole basis for jurisdiction over the remaining defendants is the Plaintiffs § 1983 claims. However, Plaintiffs have failed to state a claim under § 1983. Thus, there is no basis for jurisdiction over the remaining state claims, such that the case should be dismissed in its entirety.

### IV. RECOMMENDATIONS

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY AS MOOT:**

- Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(1) and 12(b)(6) (Clerk's Doc. No. 8);

- Defendant City of Martindale's Motion to Dismiss and Motion for More Definite Statement (Clerk's Doc. No. 9);

- Defendant United States Department of Homeland Security, Federal Emergency Management Agency (FEMA) and Defendant FEMA Region VI's ("Federal Defendants") Motion to Dismiss (Clerk's Doc. No. 22); and

- Defendant City of Martindale's First Supplemental Motion to Dismiss (Clerk's Doc. No. 59).

The undersigned **FURTHER RECOMMENDS** that the District Judge **GRANT:**

- Defendant City of Martindale's Amended Motion to Dismiss and Motion for More Definite Statement (Clerk's Doc. No. 39);

---

[2]One defendant named in the lawsuit, Donald Ward, has not filed either an answer or a motion to dismiss. However, given the undersigned's finding that subject matter jurisdiction is lacking, the claims against him should be dismissed as well.

- Defendants Jack Colley and Mildred Reno's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Clerk's Doc. No. 40);

- Defendants Community Development Management Company, Inc. and Phillip Ruiz's Motion to Dismiss and Alternatively Motion for a More Definite Statement (Clerk's Doc. No. 41);

- Defendant Maebeth Bagley's Motion to Dismiss (Clerk's Doc. No. 53); and

- Federal Defendants' Renewed Motion to Dismiss, filed October 29, 2009 (Clerk's Doc. No. 57).

Finally, the undersigned **RECOMMENDS** that the District Judge **DISMISS** this action in its entirety for lack of jurisdiction.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant

to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this

Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of December, 2009.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE